IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| DUSTIN MINYARD, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC § 216(b), <br><br> *Plaintiff*, <br><br> v. <br><br> DOUBLE D TONG, INC., ROBERT DUNCAN, & COBY DUNCAN, <br><br> *Defendants*. | Civil Action No. 7:16-cv-313 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Dustin Minyard ("Plaintiff"), individually and on behalf of all others similarly situated, files this Original Complaint against Robert Duncan, Coby Duncan (collectively "Individual Defendants"), and Double D Tong, Inc. (all collectively "Defendants") and in support states the following:

### I.   INTRODUCTORY FACTS AND SUMMARY

1.   Defendants have been involved in oilfield casing services in oilfields throughout the United States over the last three years. Defendants employ non-exempt employees to directly and indirectly provide Defendants' casing and other services to Defendants' customers ("Casing Employees" or "CEs"), but Defendants fail to provide them proper overtime as required under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA").

2.   Defendants paid Casing Employees on an hourly plus quantity of work/piece rate basis for some types of work. The quantity of work/piece rate component includes, but may not be limited to the following:

- Payments made on a per-foot-of-pipe-laid basis ("Pipe-Laid Pay") for "longstring" work;

- Payments made based on a piece rate, per-job, or per-assignment basis.

3. Defendants violated the FLSA by failing to pay any overtime premium for overtime hours worked by Casing Employees ("Straight Time Policy") during their employment.

4. Defendants also violated the FLSA by failing to include all required remuneration into CE's regular rate of pay to calculate overtime. The payments erroneously excluded from the regular rate of pay (collectively, "Additional Pay"), include, but may not be limited to:

- Non-discretionary bonus pay;
- Pipe-Laid Pay;
- Pay based on a piece rate, per-job, or per-assignment basis.

Defendants' failure to include any of this Additional Pay into CE's regular rate to calculate and pay overtime ("Overtime Miscalculation Policy") violated the FLSA.

## II.   PARTIES

5. Plaintiff Dustin Minyard is an individual who has worked for Defendants as a CE at various sites throughout the United States over the last two years. His consent to participate is attached to this Complaint as an Exhibit.

6. The "FLSA Class Members" consist of Defendants' current and former CEs who have worked for Defendants in the United States within three years of this filing who (1) were paid their regular rate and no overtime premium for overtime hours, and/or (2) whose regular rate of pay did not include all required remuneration in the regular rate of pay. This definition includes, but is not limited to, CEs who were subject to the Uncounted Hours Policy and/or the Overtime Miscalculation Policy as defined above.

7. Defendant Double D may be served through its registered agent Robert Duncan at 7507 Andrews Highway, Odessa, Texas 76795 or wherever he may be found.

8. Defendant Robert Duncan is Defendant Double D's co-director and president. He may be served at his residence located at 8647 Cornell Avenue, Odessa, TX 79765.

9. Defendant Coby Duncan is Defendant Double D's co-director and vice president. He may be served at his residence located at 4916 W. University Blvd., Odessa, TX 79764.

### III. JURISDICTION AND VENUE

10. This Court has jurisdiction over the claims because Plaintiff has asserted a claim arising under federal law and specifically the FLSA.

11. Venue is proper in this District because a substantial portion of the events forming the basis of this suit occurred in this District and because one or more parties resides in this District.

### IV. COVERAGE FACTS

12. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

13. At all relevant times, Defendants have been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all relevant times, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all relevant times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

16. At all relevant times, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.  ADDITIONAL FACTUAL ALLEGATIONS

17. Plaintiff incorporates all of the allegations previously made in this Complaint. Plaintiff brings his collective action allegations individually and on behalf of those similarly situated.

18. Defendants have been involved in oilfield casing services in oilfields throughout the United States, including those throughout Texas, New Mexico, Louisiana and Oklahoma over the last three years and do more than $500,000.00 per year in business.

19. Defendant Robert Duncan has been Defendant Double D's owner, president and co-Director during the relevant time period. Defendant Coby Lewis has been Defendant Double D's vice-president and co-director during the relevant time period. Both of these Individual Defendants exerted operational control over the Double D's operations during the relevant time period, including among other things, making hiring and firing decisions, establishing pay rates, determining methods of payment and compensation policies and practices, and controlling/establishing company rules.

20. Defendants employed CEs to directly and indirectly provide Defendants' casing and other services to Defendants' customers. For some types of work, Defendants paid CEs a hybrid hourly plus quantity of pay/piece rate pay basis. This quantity of work/piece rate basis of pay included, but may not be limited to, Pipe-Laid Pay.

21. Casing Employees routinely worked in excess of 40 hours per workweek, but were not paid in compliance with the Fair Labor Standards Act. Defendants violated the FLSA by paying them pursuant to the (1) Straight Time Policy that failed to pay an overtime premium

for all overtime hours worked by Casing Employees; and (2) Overtime Miscalculation Policy that failed to include all required remuneration, including but not limited to Additional Pay, into Casing Employees' regular rate to calculate overtime.

22. Plaintiff and the Class Members are entitled to receive overtime pay for all hours worked in excess of 40 hours per workweek. Defendants knew of the FLSA's overtime requirements, but chose not to pay Plaintiff or the FLSA Class Members overtime in compliance with the law despite having knowledge that they regularly worked over 40 hours per week. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiff and the FLSA Class Members proper overtime compensation.

## VI. COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff and the FLSA Class Members performed the same or similar job duties. Specifically, they all performed oilfield casing service work. Plaintiff and the FLSA Class Members were also subjected to the same illegal pay provisions: The Straight Time and Overtime Miscalculation Policies that respectively failed to pay Casing Employees (1) overtime for all hours worked in excess of 40 per workweek, and (2) one-and-one-half times their regular rates of pay for all overtime hours worked. Accordingly, the FLSA Class Members are similarly situated to Plaintiff in terms of job duties and pay provisions.

24. Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation at a rate of one-and-one-half their regular rate for hours worked in excess of 40 per week. Although the issue of damages may be individual in

character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

## VII.   COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

25. During the relevant time period, Defendants violated and continue to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendants have acted willfully in failing to pay Plaintiff and the FLSA Class Members in accordance with the law.

## VIII.   RELIEF SOUGHT

26. Plaintiff prays for judgment against Defendants jointly and severally as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

d. For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Jack Siegel*
**JACK SIEGEL**
*Co-Attorney in Charge*
Texas Bar No. 24070621
Siegel Law Group PLLC
10440 N. Central Expy., Suite 1040
Dallas, Texas 75231
(214) 706-0834 phone
(469) 339-0204 fax
www.4overtimelawyer.com

**J. DEREK BRAZIEL**
*Co-Attorney in Charge*
Texas Bar No. 00793380
**JAY FORESTER**
Texas Bar No. 24087532
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is the Original Complaint. Service of this Complaint will be made on Defendants with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

*/s/ Jack Siegel*
**JACK SIEGEL**